ADRIANOS FACCHETTI (S.B.N. 243213)
adrianos@facchettilaw.com
RUSSELL S. GELVIN, III (Mich. S.B.N. P81282)
(Admitted *Pro Hac Vice*)
russ@mcnultygelvin.com
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.
301 East Colorado Boulevard, Suite 520
Pasadena, California 91101
Telephone:   (626) 793-8607
Facsimile:   (626) 793-7293

Attorneys for Defendant, LUCAS MANN and CENTRAL TEXAS RINGS
OF SATURN, LLC

Michael D. Kuznetsky, Esq. (Cal. State Bar No. 241045)
mike@kuzlaw.com
Mark D. Kesten, Esq. (Cal. State Bar No. 290509)
mark@kuzlaw.com
KUZNETSKY LAW GROUP, P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
Tel: (818) 753-2450
Fax: (818) 736-9099

Attorneys for Defendant, NUCLEAR BLAST AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFRONIA

| | |
|---|---|
| BRANDYN LOVE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NUCLEAR BLAST AMERICA, INC., a Nevada corporation; LUCAS MANN, an individual; CENTRAL TEXAS RINGS OF SATURN, LLC, A TEXAS COMPANY, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 5:20−cv−00124 PSG (KKx)<br><br>**DEFENDANTS, LUCAS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC, AND NUCLEAR BLAST AMERICA, INC.'S CONSOLIDATED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER**<br><br>Hearing Date:   August 10, 2020<br>Time:   1:30 p.m.<br>Courtroom:   6A<br><br>Assigned to Hon. Philip S. Gutierrez<br>Courtroom 6A |

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

*This motion is made following the conference of counsel pursuant to L.R.*

*7-3 which took place on (May 22, 2020)*

PLEASE TAKE NOTICE that on August 10, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Judge Philip S. Gutierrez in the United States District Court for the Central District of California, Western Division, Courtroom 6A, located on the 6th Floor of the United States Courthouse, at First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012-4565, Defendants Lucas Mann, Central Texas Rings of Saturn, LLC, and Nuclear Blast America, Inc. will and hereby do move the court to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for copyright infringement, vicarious copyright infringement, and violation of 17 U.S.C. 512(f).

This motion is made on the grounds that the First Amended Complaint (FAC) (Dkt. # 33) fails to state a claim upon which relief may be granted because Plaintiff's FAC poses a logical contradiction which undermines Plaintiff's entire theory of copyright infringement and vicarious copyright infringement.  Further, the FAC only states legal conclusions and fails to spell out allegations with sufficient factual detail to state a claim for copyright infringement, vicarious copyright infringement, or violation of 17 U.S.C. § 512(F). Finally, the FAC fails to allege that defendant, Nuclear Blast knowingly made material misrepresentations in the at-issue DMCA counter-notice. The motion will be and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings papers filed herein, any documents which the court takes judicial notice of, and the argument of counsel at the time of the hearing.

///

///

///

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  June 1, 2020

LAW OFFICES OF ADRIANOS
FACCHETTI, P.C.

By:  *Adrian Facchetti*

Adrianos Facchetti
Russell S. Gelvin, III
*Attorneys for Defendant*
*Lucas Mann*

Dated:   June 1, 2020

KUZNETSKY LAW GROUP, P.C.

BY:  /s/ Michael Kuznetsky                    .
Michael D. Kuznetsky,
Attorneys for Defendant,
NUCLEAR BLAST AMERICA, INC.

iii

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION.................................................................ii

TABLE OF CONTENTS .............................................................................iv

TABLE OF AUTHORITIES .........................................................................v

I.      INTRODUCTION....................................................................................1

II.     SUMMARY OF FACTS...........................................................................3

     A.      Summary of allegations concerning copyright infringement ...........3

     B.      Summary of allegations concerning 17 U.S.C. § 512(f)...................4

III.    ARGUMENT ...........................................................................................5

     A.      Standard on Motion to Dismiss.........................................................5

     B.      Plaintiff's FAC Should be Dismissed for Failure

           to State a Claim for Copyright Infringement .....................................5

           1.      Plaintiff Has Failed to Allege Access......................................6

           2.      Plaintiff Has Failed to Allege Similarity ...............................10

           3.      Plaintiff's Claim For Vicarious Copyright

                Infringement Should be Dismissed..........................................15

     C.      The Third Cause of Action Fails to State a Claim for Violation of

           Section 512(f) of the DMCA Against Nuclear Blast...................15

     D.      Plaintiff's FAC Should be Dismissed with Prejudice...................17

IV.     CONCLUSION .........................................................................................18

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page**

*Aliotti v. R. Dakin & Co.*,
831 F.2d 898, 901 (9th Cir. 1987) ............................................. 14

*Albrecht v. Lund*,
845 F.2d 193, 195 (9th Cir.),
amended, 856 F.2d 111 (9th Cir. 1988) ..................................... 17

*A & M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004, 1019, 1022 (9th Cir.2001) ............................... 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................. 5, 17

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1990) ............................................. 5

*Cavalier v. Random House, Inc.*,
297 F.3d 815, 822 (9th Cir. 2002) ........................................... 12

*Christian v. Mattel, Inc.*,
286 F.3d 1118, 1121-1128 (9th Cir. 2002) ............................. 8, 9

*Ets-Hokin v. Skyy Spirits, Inc.*,
323 F.3d 763, 766 (9th Cir. 2003) ........................................... 13

*Folio Impressions, Inc. v. Byer Cal.*,
 937 F.2d 759, 766 (2d Cir.1991) ........................................... 6, 11

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881, 892, 203 L. Ed. 2d 147 (2019) .......................... 7

*Granite Music Corp. v. United Artists Corp.*,
532 F.2d 718, 721 (9th Cir. 1976) ........................................... 12

*Great Minds v. Office Depot, Inc.*,
945 F.3d 1106, 1112 (9th Cir. 2019) ....................................... 17

*Grubb v. KMS Patriots*, L.P.,
88 F.3d 1, 5 (1st Cir.1996) ........................................................ 9

*Jason v. Fonda*,
698 F.2d 966, 967 (9th Cir.1982) ........................................... 10

*Lenz v. Universal Music Corp.*,
572 F. Supp. 2d 1150, 1156 (N.D. Cal. 2008) ......................... 16

*Marder v. Lopez*,
450 F.3d 445, 448 (9th Cir. 2006) ............................................. 7

*Miller v. Rykoff–Sexton, Inc.*,
845 F.2d 209, 214 (9th Cir. 1988) ........................................... 17

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

*Mourabit v. Klein*,
393 F. Supp. 3d 353, 366 (S.D.N.Y. 2019), order vacated in
part on reconsideration, No. 18 CIV. 8313 (AT),
2019 WL 4392535 (S.D.N.Y. Sept. 13, 2019) .................................................9

*Moore v. Lightstorm Entertainment*,
D.Md.2014, 992 F.Supp.2d 543, affirmed 586 Fed.Appx. 143,
2014 WL 6845357, certiorari denied 135 S.Ct. 2368, 192 L.Ed.2d 148,
rehearing denied 136 S.Ct. 8, 192 L.Ed.2d 977 ..........................................9

*Narell v. Freeman*,
872 F.2d 907, 910 (9thCir.1989) ....................................................... 6, 11

*Pasillas v. McDonald's Corp.*,
927 F.2d 440, 442 (9th Cir. 1991) ..............................................................6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57, 64 (2d Cir. 2010) ...................................................................11

*Range Rd. Music, Inc. v. E. Coast Foods, Inc,.*
668 F.3d 1148, 1154 (9th Cir. 2012) ............................................................5

*Rossi v. Motion Picture Ass'n of America Inc.*,
391 F.3d 1000, 1004-05 (9th Cir. 2004)……………………………………15

*Satava v. Lowry*,
323 F.3d 805, 813 (9th Cir. 2003) ..............................................................12

*Saul v. U.S.*,
928 F.2d 829, 843 (9th Cir. 1991) ..............................................................17

*Schreiber Distributing Co. v. Serv–Well Furniture Co.*,
806 F.2d 1393, 1401 (9th Cir.1986) ...........................................................17

*SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona Inc.*,
No. CV-15-01856-PHX-BSB, 2018 WL 4565900, at *15
 (D. Ariz. Sept. 24, 2018) .............................................................................9

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*,
562 F.2d 1157, 1164 (9th Cir. 1977) ............................................................6

*Simon v. Value Behavioral Health, Inc.*,
208 F.3d 1073, 1084 (9th Cir. 2000)) .........................................................17

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*,
952 F.3d 1051, 1070 (9th Cir. 2020) ....................................................12, 13

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293, 1298 (9th Cir. 1998) ...........................................................17

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477, 482 (9th Cir. 2000) ..........................................................6, 12

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
853 F.3d 980, 984 (9th Cir. 2017) ............................................................5, 6

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

*United States v. Ritchie,*
342 F.3d 903, 908 (9th Cir.2003) ...........................................................7

*Warren v. Fox Family Worldwide, Inc.,*
171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001),
aff'd, 328 F.3d 1136 (9th Cir. 2003) ....................................................7

*Williams v. Crichton,*
84 F.3d 581, 588 (2d Cir.1996) ...........................................................12

*Williams v. Gaye,*
895 F.3d 1106, 1149 (9th Cir. 2018) ...............................................11, 13

## STATUTES

17 U.S.C.A. § 101 ..............................................................................8

17 U.S.C.A. § 102 ..............................................................................8

17 U.S.C.A. § 512 …………………………………………….............1-2, 4, 15-17

## OTHER AUTHORITIES

Black's Law Dictionary, 898 (9th Ed.2009) ........................................5

Fed.R.Civ.P. 12(b)(6) …………………………………………...1, 5, 7 16, 18

Fed.R.Civ.P. 15(a) ..............................................................................17

https://www.copyright.gov/help/faq/faq-services.html ....................8

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR
BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

On January 16, 2020, Plaintiff Brandyn Love ("Love") filed a Complaint with this Honorable Court against Defendants Nuclear Blast America, Inc. ("Nuclear Blast") and Lucas Mann ("Mann"), and Mann's single member LLC, Central Texas Rings of Saturn, LLC, alleging that Defendants infringed Plaintiff's exclusive copyrights in two musical compositions, and violated Section 512(f) of the Digital Millennium Copyright ("DMCA") Act by filing a counter-notice with YouTube based on misrepresentations. On April 16, 2020, this Honorable Court granted Defendants' respective motions to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule 12(b)(6). After determining the YouTube video proffered by Plaintiff was inappropriate subject matter for judicial notice, this Honorable Court concluded that (i) Plaintiff had failed to plead substantial similarity under the extrinsic test for proving copyright infringement because Plaintiff failed to plead any factual similarities between the songs in question, and (ii) that because Plaintiff's cause of action for violation of Section 512(f) is predicated on his copyright infringement claims, the Complaint failed to sufficiently plead facts establishing that Defendants knowingly made misrepresentations in the counter-notice.

Plaintiff filed a First Amended Complaint (the "FAC") (Dkt. # 33) on May 18, 2020, against Nuclear Blast, Mann, and Mann's single-member LLC, Central Texas Rings of Saturn, LLC, which is the subject of the instant motion to dismiss. Defendants request that this Honorable Court dismiss Plaintiff's FAC in its entirety and with prejudice because, taking as true all Plaintiff's allegations and the facts stated on Plaintiff's own Copyright Registration Certificates, necessarily results in a logical contradiction that undermines any possibility of copyright infringement. More specifically, both Copyright Registration Certificates state that the works in question were not completed or created until 2014, yet Plaintiff's FAC alleges that,

1

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

"Mann and Love had no meaningful contact from December 2013 to August 2019" and that Plaintiff's songs were "shelved," only being allegedly published September 2, 2019. (FAC, ¶ 22-23, 29). Thus, any inference of access is rendered illogical by Plaintiff's own allegations and Plaintiff's claim for copyright infringement cannot be sustained. This is a deeply rooted logical defect that cannot be cured by pleading further facts; Plaintiff's FAC should be dismissed with prejudice.

Additionally, Plaintiff's FAC has failed to properly allege similarity under the extrinsic or objective test set forth by the Ninth Circuit. Plaintiff again has failed to articulate objective musical elements which can be listed and analyzed. Plaintiff provides only bare recitals and has failed to even allege that *protectible* expression was copied, since it's unclear whether the sequences of notes Plaintiff offers are even the proper subject of copyright protecting standing alone. By refusing to list the sequences of notes which Plaintiff claims are exactly the same, Plaintiff has only stated legal conclusions since the standard for infringement of thinly protected works is the "virtually identical" test. Plaintiff has failed to allege sufficient facts to support his legal conclusion that the sequences of notes are virtually identical and his FAC should be dismissed for failure to state a claim.

Lastly, Plaintiff's additional claims for vicarious copyright infringement and violation of Section 512(f) are entirely dependent on the copyright infringement claims and should be dismissed as well. Plaintiff's claim for violation of Section 512(f) fails because there are no allegations that Nuclear Blast had any knowledge of how Plaintiff's compositions were allegedly infringed at the time the DMCA counter-notice was submitted, relies on allegations of Nuclear Blast's subjective state of mind at the time it learned of Plaintiff's DMCA takedown (not at the time of the counter-notice), and fails to properly plead that Nuclear Blast knowingly made a material misrepresentation when the counter-notification was filed.

///

///

2

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

## II.    SUMMARY OF FACTS

### A.    Summary of allegations concerning copyright infringement

The FAC alleges that Mann gained access to two demo musical compositions authored by Love, "WATE Idea" ("WI") and "If I Could Walk Through Walls, I Would," ("Walls") during a fleeting and short trial with Plaintiff's band, We Are The End, lasting only a few weeks in December of 2013. (FAC, ¶¶ 18-21). The FAC further alleges that both of these songs were "shelved" immediately after this short trial and that Plaintiff and Mr. Mann had no meaningful contact from December 2013 to August 2019. (FAC, ¶ 22-23).

The FAC goes on to allege that Mr. Mann's band, Rings of Saturn, released two songs entitled "The Husk" ("Husk") and "Divine Authority" ("DA") on its 2019 album *Gidim* which "interpolates substantial, recognizable musical phrases," from both Plaintiff's songs, "as can be confirmed through review of the demos." (FAC, ¶ 24-25). The FAC claims that the dominant melodic sequence performed in Husk from timestamps 0:29 to 0:43 and 2:12 to 2:26 "is directly copied from Walls, at timestamp 0:38 to 0:52 "without alteration." (FAC, ¶ 25). The FAC states that this melodic sequence is "entirely originally to and independently created by Love—featuring no fewer than *30 consecutive notes*, which is repeated twice in a row." [Plaintiff's emphasis] (*Id*.). The FAC alleges that "original, substantial, recognizable portions" from timestamps 0:17 to 0:32 of WI were copied in The Husk at timestamps 0:43 to 0:57 and 2:26 to 2:40, concluding that "the copying of the original creative melodic elements defining Love's work is striking." (FAC, ¶ 26). "The same is true," continues the FAC, "of the non-dominant melody" performed in Husk from timestamp 1:15 to 1:29 and 2:58 to 3:12, which the FAC alleges was copied from Walls at timestamps 1:00 to 1:15. (FAC, ¶ 26).

The FAC alleges that subsequent to becoming aware of the purported infringement by The Husk, Love became aware that DA "also copied substantial, recognizable, portions" of Walls. (FAC, ¶ 35). The FAC states that "the dominant

3

musical phrase" in DA at timestamps 1:00 to 1:14 and 2:40 to 2:54 is "directly and faithfully copied from" Walls 1:15 to 1:29. (*Id.*).  Lastly, Plaintiff asserts that "within these timestamps, the two works each contain an identical complex melodic sequence—entirely originally to and independently created by Love—featuring no fewer than *25 consecutive notes*, which is repeated twice in a row." [Plaintiff's emphasis] (*Id.*).  For analytic convenience, Plaintiff's allegations regarding similarity of the works in question can be summarized as follows:

- Husk 0:29-0:43 and 2:12-2:26 are both exact copies of Walls 0:38-0:52
- Husk 0:43-0:57 and 2:26-2:40 are both striking copies of WI 0:17-0:32
- Husk 1:15-1:29 and 2:58-3:12 are both striking copies of Walls 1:00-1:15
- DA 1:00-1:14 and 2:40-2:54 are both exact copies of Walls 1:15-1:29

The FAC states that the YouTube videos incorporated therein are of the copyright deposit copies for PA 2-218-323 and PA 2-218-303, corresponding to WI and Walls, respectively. (FAC, ¶ 38).

## B.   Summary of allegations concerning 17 U.S.C. § 512(f)

The FAC alleges that Nuclear Blast is the record label that distributed The Husk without Plaintiff's authorization.  (FAC, ¶ 27-28).  The Comparison Video was brought to Nuclear Blast's attention which put it on notice of a "credible claim" for infringement.  (FAC, ¶ 31).  Nuclear Blast did not investigate the claim and opted to stand by its artist. (FAC, ¶ 31). Nuclear Blast ignored Plaintiff's counsel's communications pursuant to an instruction from Mann's manager who advised that Mann would take care of the dispute for all parties. (FAC, ¶ 33). At the time of receiving notice of Plaintiff's DMCA takedown notice concerning the official video for The Husk, the label manager stated that it was unclear if the infringement claim had any merit, and that it was a "he said / she said" situation. (FAC, ¶ 42-43). Sometime thereafter Nuclear Blast directed a representative to submit a DMCA counter-notice.  (FAC, ¶¶ 43 & 69).

///

4

## III.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Standard on Motion to Dismiss

The Federal Rules of Civil Procedure, Rule 12(b)(6) allows a defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the court must accept the factual allegations in the complaint as true, it need not accept the legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive dismissal, the complaint must spell out more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. The complaint must also state a plausible claim for relief, which involves a context-specific analysis based on judicial experience and common sense. *Id*. The complaint must allow the court to infer more than a mere possibility of misconduct. *Id*. The court may dismiss a complaint if it fails to provide a cognizable legal theory or sufficient facts to sustain a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B.   Plaintiff's FAC Should be Dismissed for Failure to State a Claim for Copyright Infringement

Even taking all the factual allegations stated in Plaintiff's FAC as true, the FAC fails to state a claim for Copyright Infringement. To state a claim for copyright infringement, Plaintiff must allege (1) ownership of the allegedly infringed works and (2) that Mr. Mann copied protected elements of the works. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). The second element, copying, can be established through either direct or circumstantial evidence. *Id*. Direct evidence requires a showing of *in toto* reproduction, or reproduction in whole. *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012); *See also* Black's Law Dictionary, 898 (9th Ed.2009). Since, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the alleged infringer had access to the work prior to the creation of the

5

defendant's work and that the two works are substantially similar. *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).

Circumstantial evidence of reasonable access can be proven in one of two ways: either by showing a chain of specific events between the plaintiff's work and the defendant's access, or by showing that the plaintiff's work was widely disseminated. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). A determination of substantial similarity involves a bipartite analysis divided into an extrinsic test and an intrinsic test. *Unicolors, Inc.*, 853 F.3d at 984. The extrinsic test requires plaintiff to show overlap of "concrete elements based on objective criteria." (quoting *Three Boys Music Corp.*, 212 F.3d at 485). "These same principles hold true when a defendant raises the question of substantial similarity at the pleadings stage on a motion to dismiss." *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir.1991). The intrinsic test looks to subjective factors and asks "whether the ordinary, reasonable person would find 'the total concept and feel of the works' to be substantially similar." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977)).

In the present case, Plaintiff has failed to plead both access and similarity. Plaintiff's allegations of access must fail because the FAC is based on a set of facts which necessarily results in a logical contradiction. Plaintiff has failed to allege similarity because the FAC again fails to spell out objective, protectable musical elements which can be compared side-by-side under the extrinsic prong of the substantial similarity test. Since the FAC fails to allege both access and similarity and each of these failures are fatal and incurable, Plaintiff's FAC should be dismissed with prejudice.

## 1. Plaintiff Has Failed to Allege Access

Plaintiff has failed to state a claim for copyright infringement because it is illogical to hold that Mr. Mann had access to musical compositions created in 2014

6

when he had "no meaningful contact from December 2013 to August 2019" with Plaintiff. (FAC, ¶ 23). Plaintiff does not allege that either song was widely disseminated as they were "shelved," after alleged collaboration, only being allegedly published September 2, 2019, after the alleged infringed had commenced. (FAC, ¶ 22-23, 29). Since there is no logical possibility for Mr. Mann to have accessed the musical compositions identified in Plaintiff's copyright registrations, Plaintiff's copyright claims must fail.

While the scope of a motion to dismiss for failure to state a claim is limited to the contents of the complaint, a court may consider documents the complaint "necessarily relies" on if (1) the complaint refers to the document (2) the document is central to the plaintiff's claim and (3) none of the parties question the authenticity of the copy attached. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The FAC is based on the alleged infringement of two musical compositions with copyright registration certificate numbers PA 2-218-323 and PA 2-218-303, attached hereto as Exhibits A and B, respectively. (FAC, ¶ 38). Indeed, such registrations are a statutory pre-requisite for bringing a copyright suit in the first place. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892, 203 L. Ed. 2d 147 (2019). For purposes of this motion, Defendants do not question the authenticity of these registration certificates provided by Plaintiff's counsel.

These registration certificates are precisely the sort of document that are the appropriate subject matter of judicial notice. *Warren v. Fox Family Worldwide, Inc.,* 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001), aff'd, 328 F.3d 1136 (9th Cir. 2003)("Because they are properly the subject of judicial notice, the copyright registration certificates submitted by defendants may be considered by the court"). The court may treat such documents as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder*, 450 F.3d at 448, citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

Both of the copyright registrations in question list the "Year of Completion" as 2014 and the "Date of 1st Publication" as September 2, 2019. As explained by the Copyright Office, the "Year of Completion" on the certificate is:

> The year in which the creation of this work was completed. If there are multiple versions of this work, provide the year of completion for the particular version being submitted for registration. The year of completion should not refer to earlier or later versions of this work. https://www.copyright.gov/help/faq/faq-services.html.

The Copyright Act (the "Act") provides that a work is first created "when it is fixed in a copy or phonorecord for the first time." *Id*. The Act goes on, "where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time." *Id*. If different versions of a work are prepared, then "each version constitutes a separate work." *Id*. The Act states that "a work is 'fixed' in a tangible medium of expression" when "its embodiment in a copy. . . is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101. Copyright protection does not begin until this fixation requirement is met. 17 U.S.C. § 102.

Since the creation of the musical compositions upon which this lawsuit is based were not completed until 2014, Mr. Mann could not have accessed them in 2013. Even accepting Plaintiff's allegations that he sent demos of these songs to Mann in December 2013, such demos would constitute earlier versions which are not the subject of Plaintiff's copyright registrations. Since the FAC clearly states that Mann and Love had no meaningful contact after December 2013, there is no possibility that Mann had access to the versions of the musical compositions completed in 2014 and now deposited with the Copyright Office.

The simple logic of this argument is well-founded in the caselaw. In *Christian v. Mattel, Inc.*, the Ninth Circuit held that, "Access is only a theoretical issue in this case, however. By simple logic, it is impossible to copy something that does not

8

exist." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1121-1128 (9th Cir. 2002). In *Mattel*, the plaintiff attempted to bring a copyright claim against a work that was created prior to his own work, a position which the Ninth Circuit considered "legally and factually frivolous." *Id*. The Ninth Circuit adopted the doctrine that, "prior creation renders any conclusion of access or inference of copying illogical." *Id*. (citing *Grubb v. KMS Patriots*, L.P., 88 F.3d 1, 5 (1st Cir.1996)).

     The instant case likewise presents a situation where any conclusion of access or inference of copying is illogical. The works in question did not exist until 2014, and based on the Plaintiff's own allegations, Mann could have only gained access to the works in 2013. Since it is impossible to gain access to something that does not exist, it is impossible for Mr. Mann to have accessed the works in question. *See, e.g., Mourabit v. Klein*, 393 F. Supp. 3d 353, 366 (S.D.N.Y. 2019), order vacated in part on reconsideration, No. 18 CIV. 8313 (AT), 2019 WL 4392535 (S.D.N.Y. Sept. 13, 2019)("It is not possible to copy something that has not yet been created. As a legal matter, Plaintiff cannot establish copyright infringement on these facts because he cannot establish that the work was "actually copied."); *See also, SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona Inc.*, No. CV-15-01856-PHX-BSB, 2018 WL 4565900, at *15 (D. Ariz. Sept. 24, 2018)("However, that application did not support Plaintiff's copyright infringement claim because the date of publication contained in the application, August 26, 2015, was after the date of the alleged infringement, September 16, 2014."); *See, also Moore v. Lightstorm Entertainment,* D.Md.2014, 992 F.Supp.2d 543, affirmed 586 Fed.Appx. 143, 2014 WL 6845357, certiorari denied 135 S.Ct. 2368, 192 L.Ed.2d 148, rehearing denied 136 S.Ct. 8, 192 L.Ed.2d 977 (copyright claim barred where director's production company did not have access to copyrighted screenplays in time period before director created allegedly infringing work).

     Plaintiff has failed to even allege "a chain of events sufficient to establish a reasonable possibility of access," and thus his copyright claims must be

9

dismissed. *See Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir.1982). Since access is one of the necessary elements of proving copyright infringement, and there is no logical possibility that Mann had access to Plaintiff's works created in 2014, Plaintiff has failed to state a claim for copyright infringement. Defendant's respectfully request that Plaintiff's FAC be dismissed in its entirety and with prejudice.

### 2.    Plaintiff Has Failed to Allege Similarity

Even if Plaintiff had properly pled access in the FAC, which he did not, its claims still must fail since Plaintiff has not met his burden under the extrinsic prong of the substantial similarity test. To be sure, the allegations provided in the FAC are a slight improvement from the threadbare recitals offered in Plaintiff's original complaint; however, Plaintiff continues to refuse to point to any objective musical elements and again only recites legal conclusions. While the FAC does now provide timestamps for which portions of Plaintiff's songs were allegedly infringed by which portions of Mann's songs, Plaintiff continues to refuse to identify any objective musical elements for this Honorable Court or Defendants to compare. It seems Plaintiff has once again failed to recognize the difference between extrinsic and intrinsic similarity, both of which are necessary to sustain a claim for copyright infringement. Thus, Plaintiff's FAC should be dismissed for failure to state a claim for copyright infringement.

The timestamps referenced by the FAC merely refer to the sound recordings for the songs in question. That is, Plaintiff is once again basing the entire FAC solely on a subjective, side-by-side comparison of the sound recordings under the intrinsic "ordinary observer" test. Nowhere in the FAC does Plaintiff identify a single objective musicological element such as musical notes, chords, rhythms, keys, and other musical features that can be listed and described in writing, sheet music, tablature, or some other objective form of musical notation.

Plaintiff claims that The Husk and DA "interpolates substantial, recognizable musical phrases," but he again refuses to actually spell out these musical phrases in

10

objective terms and instead insists this can "be confirmed through review of the demos." (FAC, ¶ 24-25, 35). The FAC claims that the "dominant melodic sequence" in The Husk "directly copies from Walls . . . without alteration." (FAC, ¶ 24-25). While the FAC does offer that "no fewer than *30 consecutive notes*, which is repeated twice in a row" were copied, Plaintiff has again refused to actually identify this series of notes. This should be a very simple task since Plaintiff claims to have written the sequence of notes entirely on his own.

The FAC goes on to identify additional "original, substantial, recognizable portions" of Plaintiff's works which Plaintiff alleges were infringed by portions of Mann's works." (FAC, ¶ 26). Again, rather than actually identify the notes that were copied, Plaintiff merely concludes "the copying of the original creative melodic elements defining Love's work is striking." (FAC, ¶ 26). The FAC states that DA and Walls "each contain an identical complex melodic sequence . . . featuring no fewer than *25 consecutive notes*," but again refuses to actually spell out what notes exactly are contained in this allegedly identical sequence. (FAC, ¶ 35).

Courts routinely dismiss claims for copyright infringement on findings that the elements allegedly copied are not protectable expressions in the first place. *Williams v. Gaye*, 895 F.3d 1106, 1149 (9th Cir. 2018)("The implied bass line . . . is so standard in the genre that it merges with the idea and is therefore unprotectable in and of itself"); *See also Narell,* 872 F.2d at 911 (*"Ordinary phrases are not entitled to copyright protection"*). Indeed, when considering whether two works are substantially similar, "no discovery or fact-finding is typically necessary, because 'what is required is only a visual comparison of the works.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010)(Citing *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir.1991)).

Since Plaintiff continues to refuse to objectively list the musical elements in question, it is impossible to examine the allegedly infringed musical sequences to even determine whether they are protected by copyright in the first place. A court

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

"must take care to inquire only whether 'the *protectible* elements, standing alone, are substantially similar.'" *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (emphasis in original) (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir.1996)). In the context of musical compositions, unprotectible elements include, "themes or common musical elements, such as descending chromatic scales, arpeggios or short sequences of three notes." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*, 952 F.3d 1051, 1070 (9th Cir. 2020).

The FAC completely fails to spell out the allegedly infringed melodic sequences in such objective musical terms, thus it is impossible to even tell if these sequences are protectible expression or one of the fundamental musical "building blocks" which "no one can possibly own." *Id*. "A four-note sequence common in the music field" is not protectible under copyright law. *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976). The Ninth Circuit has explained, "Presenting a 'combination of unprotectable elements' without explaining how these elements are particularly selected and arranged amounts to nothing more than trying to copyright commonplace elements." *Id*. at 1075 (citing *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003)). Thus, if it turns out that each sequence identified by Plaintiff is, for example, a simple repetition of four notes or a standard scale or arpeggio, then that sequence would not even be protected by copyright. Of course, there's no telling if this is the case since the FAC provides no objective musical elements to make such a determination.

The importance of this side-by-side comparison of objective elements is even more important in the instant case since Plaintiff is not alleging that the music compositions as a whole are substantially similar, but rather that select portions are. Even if each of Plaintiff's musical compositions are sufficiently original and creative to warrant copyright protection *as a whole*, it's not necessarily true that the individual elements or portions thereof are protectable in their own right. *Skidmore*, 952 F.3d at 1051, 1070 (9th Cir. 2020). 1080. Indeed, where an entire song might enjoy broad

copyright protection, the selection and arrangement of basic musical elements is afforded only a thin copyright. *Id* at 1080. As Judge Watford of the Ninth Circuit has explained:

> Contrary to Skidmore's contention, we have never held that musical works are necessarily entitled to broad copyright protection. We did state in *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018), that "[m]usical compositions are not confined to a narrow range of expression." *Id*. at 1120. But we made that statement in the context of assessing the creative choices involved in composing an entire song, which of course could involve a broad range of expression. *See id*. at 1117–18, 1120. We had no occasion there to categorically exempt musical works from the same principles we use to assess the scope of copyright protection for all other works. *Id*.

Works afforded only "thin" copyright protection are held to a more exacting standard than substantial similarity. *Id*. (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003)). This higher standard of similarity for thin copyrights is the "virtually identical" test, which holds that even small differences will defeat a copyright claim. *Id*.

Judge Watford's concurring opinion provides a concise explanation of this legal principal as applied to musical works:

> Given the thin protection afforded the selection and arrangement of basic musical elements at issue here, Skidmore could prove infringement only if the relevant passages of *Taurus* and *Stairway to Heaven* are virtually identical. They are not. Undeniable and obvious differences exist between the first four measures of both songs: The notes in the melodies are different; the use of the treble clef in conjunction with the bass clef is different; and the rhythm of eighth notes is different. Those facts preclude a finding of virtual identity. As a result, even if the district court had given the jury a selection-and-arrangement instruction, Skidmore's infringement claim would have failed as a matter of law. *Skidmore*, 952 F.3d at 1080.

This explication is on point, as Plaintiff is likewise alleging that a selection and arrangement of basic musical elements (notes in this case) are what was copied, not his entire songs. Plaintiff does not allege that Mann's songs have the same rhythm, pitch, octave, etc. While Plaintiff alleges portions of The Husk and DA share the same sequences of notes as Walls and WI, Plaintiff refuses to identify the sequences notes that are allegedly identical.

13

It is clear that the FAC merely states legal conclusions and provides no facts to support such conclusions. The FAC states that the indicated portions of the songs in question are "directly copied . . . without alteration," and "contain an identical complex melodic sequence," such statements are legal conclusions at best. This is the very legal standard Plaintiff must meet under the "virtually identical" test. If it is true that the works in question contain identical sequences of notes, then Plaintiff must spell these sequences out in objective terms. Listing the notes in these sequences is a necessary factual allegation in order to derive such a bold legal conclusion. If the works truly do contain identical strings of notes, then this will be very easy to see once the notes are actually listed in objective terms. Otherwise Plaintiff has done more than make legal conclusions and the FAC should be dismissed for failure to state a claim.

What Plaintiff is asking this Honorable Court and Defendants to do is to listen to portions of four different heavy metal songs and simply intuitively recognize that they're the same. While audio comparison might meet the subjective or intrinsic test for substantial similarity, it does not meet the extrinsic or objective test. Since the FAC does not list the objective elements it claims to be copied, Plaintiff has again failed to state a claim for copyright infringement. Without actually listing the notes Plaintiff claims were directly copied without alteration, it is impossible to determine whether these sequences of notes are even protectible expression in the first place. Plaintiff must allege that *protectible* works were infringed and based on the bare allegation of the FAC, Plaintiff has failed to do this. Plaintiff has only stated legal conclusions by reciting the very standard he must meet under the "virtually identical" test without supporting such conclusions with factual allegations. Plaintiff must list objective criteria that can be analyzed and compared, yet has failed to do so yet again. *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987). Defendant's respectfully ask that this Honorable Court dismiss Plaintiff's FAC in its entirety.

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

### 3. Plaintiff's Claim for Vicarious Copyright Infringement Should Be Dismissed

Plaintiff's third claim for relief in the FAC is for Vicarious Copyright Infringement. To establish vicarious copyright infringement, Plaintiff must first establish direct infringement. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019, 1022 (9th Cir.2001). Since Plaintiff's FAC has failed to state a claim for copyright infringement, its third claim for vicarious copyright infringement should be dismissed as well.

### C. The Third Cause of Action Fails to State a Claim for Violation of Section 512(f) of the DMCA Against Nuclear Blast

Even taking all allegations in the FAC as true, the FAC fails to state a claim for violation of Section §512(f) because (1) this Court has already held[1] that this cause of action is predicated upon Plaintiff's copyright infringement action, which fails for the reasons discussed above; (2) the FAC admits that Nuclear Blast did not have any knowledge of any of the additional allegations set forth in the FAC relating to *how* the at-issue compositions are substantially similar until service of the FAC itself; and (3) the FAC fails to allege Nuclear Blast's subjective knowledge at the time the counter-notice was submitted.

Under Section 512(f) of the DMCA, "Any person who *knowingly materially misrepresents* . . . that material or activity was removed or disabled by mistake or misidentification" in a counter-notice shall be liable for the copyright holder's damages. 17 U.S.C. § 512(f) (emphasis added). The Ninth Circuit has interpreted Section 512(f) as creating a high bar for plaintiffs, holding that the good faith belief requirement contemplates a subjective standard and requiring that "there must be a demonstration of some *actual knowledge* of misrepresentation . . ." *Rossi v. Motion Picture Ass'n of America Inc.* 391 F.3d 1000, 1004-05 (9th Cir. 2004) (emphasis added). Thus, a plaintiff bringing a Section 512(f) misrepresentation claim is required

---

1 Dkt. 3 32, p. 6, ¶ 2

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

to plead specific factual allegations that the defendant actually knew that they were making bad faith misrepresentations in a counter-notice. See *Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1156 (N.D. Cal. 2008).

First, this Court has held that Plaintiff's Section 512(f) cause of action "is predicated on the copyright infringement cause of action." (Dkt. # 32, p.6, ¶2). As detailed above, Plaintiff's copyright infringement claims fail under Rule 12(b)(6), which, in turn, compels a finding that Plaintiff's Section 512(f) claim also fails.

Second, although the FAC includes additional allegations attempting to identify how Plaintiff's compositions were allegedly infringed, Plaintiff fails to allege that Nuclear Blast had any knowledge of these additional allegations at the time the counter-notice was submitted or at any time prior to being served with the FAC. It follows that the FAC continues to rely on the same bald conclusory allegations (i.e. knowledge of the Comparison Video, correspondence from Plaintiff's counsel, and Nuclear Blast's alleged failure to directly respond) contained in the initial Complaint that Court already held to be insufficient to establish that defendants knowingly made misrepresentations in the counter-notice.  (Dkt. # 33, p. 6, ¶ 2).

Third, the additional allegation in the FAC that Nuclear Blast's label manager had no idea whether there was infringement at the time of receiving Plaintiff's DMCA takedown notice is irrelevant and does not give rise to liability under Section 512(f).  (FAC, ¶ 42).  The FAC alleges that Nuclear Blast directed a representative to submit the counter-notice *sometime after* the label learned of Plaintiff's DMCA takedown notice and fails to include specific factual allegations of Nuclear Blast's subjective knowledge at the actual time Nuclear Blast gave such direction. (FAC, ¶ 43).  Instead, Plaintiff relies solely on a bald, conclusory and unreasonable statement that there was no way Nuclear Blast could have made a determination one way or the other between the time it learned of Plaintiff's DMCA takedown notice (when the "he said / she said" comment was made) and the time it later directed submission of

16

the counter-notice. (FAC, ¶ 43).  This is, at best, nothing more than a conclusory statement that Nuclear Blast acted with a particular state of mind and therefore must be disregarded on a motion to dismiss.  *Iqbal*, 556 U.S. at 686-687.  Thus, Plaintiff has failed to state a cause of action for violation of Section 512(f).

### D.    Plaintiff's FAC Should Be Dismissed with Prejudice

A court may dismiss a complaint with prejudice and deny leave to amend, "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991)); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A court has "particularly broad" discretion in denying leave to amend when the plaintiff previously has been granted leave to amend. *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000)). As the Ninth Circuit has explained:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). Nevertheless, if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile. See *Schreiber Distributing Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). If the district court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," then the dismissal without leave to amend is proper. *Id. Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), amended, 856 F.2d 111 (9th Cir. 1988).

Since taking the allegations of the FAC as true necessarily results in a logical contradiction that cannot be cured by pleading further facts consistent with the FAC, it should be dismissed with prejudice and leave to dismiss denied. Plaintiff was given an opportunity to amend the original complaint and has again refused to list objective protectible elements that can be compared and analyzed. Instead, Plaintiff has again offered only bare recitals and legal conclusions, refusing to list the sequences of notes it concludes are exactly the same. Even after being granted leave to amend, Plaintiff has filed an FAC based on logical contradictions and legal conclusions, granting Plaintiff further leave to amend would be an "exercise in futility." *Great Minds v.*

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

1   *Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019).

2   **IV.   CONCLUSION**

3        The defects in the FAC are manifold and incurable. Plaintiff has been given

4   ample opportunity to allege facts sufficient to demonstrate viable claims for relief.

5   Plaintiff should not be permitted to subject Defendants to yet another round of costly

6   motion practice. No further facts consistent with the FAC could cure the defects in

7   Plaintiff's pleadings and Plaintiff's FAC should be dismissed in its entirety and with

8   prejudice.

9

10                               Respectfully submitted,

11   Dated:  June 1, 2020        LAW OFFICES OF ADRIANOS
                                 FACCHETTI, P.C.

12

13                          By: _____
                                Adrianos Facchetti
14                              Russell S. Gelvin, III
                                *Attorneys for Defendant*
15                              *Lucas Mann and Central Texas Rings of*
                                *Saturn LLC*

16

17   Dated:  June 1, 2020        KUZNETSKY LAW GROUP, P.C.

18

19                          BY: /s/ Michael Kuznetsky                .
                                Michael D. Kuznetsky,
20                              Attorneys for Defendant,
                                NUCLEAR BLAST AMERICA, INC.

21

22

23

24

25

26

27

28

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR
BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tesla*

United States Register of Copyrights and Director



**Registration Number**

## PA 2-218-323

**Effective Date of Registration:**
October 29, 2019
**Registration Decision Date:**
December 20, 2019

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title
_____

**Title of Work:** WATE Idea

## Completion/Publication
_____

**Year of Completion:** 2014
**Date of 1st Publication:** September 02, 2019
**Nation of 1st Publication:** United States

## Author
_____

**Author:** Brandon Love
**Author Created:** Musical Work (with or without lyrics)
**Citizen of:** United States

## Copyright Claimant
_____

**Copyright Claimant:** Brandon Love
10220 Foothill Blvd, Unit 3306, Rancho Cucamonga, CA, 91730, United States

## Rights and Permissions
_____

**Name:** Eric Lauritsen
**Email:** eric@lauritsenesq.com
**Telephone:** (323)454-2004
**Address:** 822 S Windsor Blvd, Suite 202
Los Angeles, CA 90005

## Certification
_____

LOVE-00001

| | |
|---|---|
| **Name:** | Eric Lauritsen, Authorized agent of Author/Owner |
| **Date:** | October 29, 2019 |

| | |
|---|---|
| **Correspondence:** | Yes |
| **Copyright Office notes:** | Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire. |

LOVE-00002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay A. Tisle*

United States Register of Copyrights and Director



**Registration Number**

## PA 2-218-303

**Effective Date of Registration:**
October 29, 2019
**Registration Decision Date:**
December 20, 2019

---

### Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title
_____

Title of Work: If I Could Walk Through Walls, I Would

### Completion/Publication
_____

Year of Completion: 2014
Date of 1st Publication: September 02, 2019
Nation of 1st Publication: United States

### Author
_____

- Author: Brandon Love
Author Created: Musical Work (with or without lyrics)
Citizen of: United States

### Copyright Claimant
_____

Copyright Claimant: Brandon Love
10220 Foothill Blvd, Unit 3306, Rancho Cucamonga, CA, 91730, United States

### Rights and Permissions
_____

Name: Eric Lauritsen
Email: eric@lauritsenesq.com
Telephone: (323)454-2004
Address: 822 S Windsor Blvd, Suite 202
Los Angeles, CA 90005

### Certification
_____

LOVE-00003

**Name:** Eric Lauritsen, Authorized agent of Author/Owner
**Date:** October 29, 2019

---

**Correspondence:** Yes
**Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

LOVE-00004

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing documents described as **DEFENDANTS, LUCAS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC, AND NUCLEAR BLAST AMERICA, INC.'S CONSOLIDATED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER** with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on June 1, 2020.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on June 1, 2020, at Los Angeles, California.

<u>/s/ Michael Kuznetsky</u>
MICHAEL D. KUZNETSKY

**DEFENDANTS MANN, CENTRAL TEXAS RINGS OF SATURN, LLC AND NUCLEAR BLAST AMERICA, INC.S' NOTICE OF MOTION AND MOTION TO DISMISS**