UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | #36 (8/24) |
|---|---|---|---|
| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     The Court DENIES the motion to dismiss.

    Before the Court is a joint motion to dismiss filed by Defendants Central Texas Rings of Saturn, LLC, Lucas Mann, and Nuclear Blast America, Inc. ("Defendants").  *See* Dkt. # 36 ("*Mot.*").  Plaintiff Brandyn Love ("Plaintiff") opposes, *see* Dkt. # 42 ("*Opp.*"), and Defendants replied, *see* Dkt. # 43 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court **DENIES** Defendants' motion to dismiss.

I.    Background

    This case involves a copyright infringement dispute between two heavy metal artists.  In 2013, Plaintiff, a songwriter for the band We Are The End, wrote two songs called "If I Could Walk Through Walls, I Would" and "WATE Idea."  *See First Amended Complaint*, Dkt. # 33 ("*FAC*"), ¶¶ 11, 20.  Plaintiff shared demos of these songs with Defendant Mann, who was his bandmate at the time.  *See id.* ¶¶ 18–20.  After a short stint with the band, Mann was deemed an improper fit and separated from it.  *See id.* ¶ 21.

    During the summer of 2019, Defendant Mann and his new band, Rings of Saturn, released a recording called "The Husk" via Defendant Nuclear Blast, their record label.  *See id.* ¶¶ 24, 27.  The Husk contains an "identical complex melodic sequence . . . featuring no fewer than *30 consecutive notes*, which is repeated twice in a row," from If I Could Walk Through Walls, I Would, and "original, substantial, recognizable portions" of the WATE Idea melody.  *See id.* ¶¶ 25–26.  Soon after The Husk was released, Defendants released another track, entitled "Divine Authority," containing a "dominant musical phrase . . . [that] is directly and faithfully copied" from If I Could Walk Through Walls, I Would, as evidenced by "an identical complex melodic sequence . . . featuring no fewer than *25 consecutive notes*, which is repeated twice in a row."  *See id.* ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

    In October of 2019, Plaintiff registered his copyrights in If I Could Walk Through Walls, I Would and WATE Idea with the Copyright Office. *See id.* ¶¶ 38–39. He also issued Digital Millennium Copyright Act ("DMCA") takedown notices to YouTube, requesting that it remove videos containing The Husk and Divine Authority. *See id.* ¶ 41. In response to one of Plaintiff's takedown notices, Defendant Nuclear Blast submitted a DMCA counter-notice, asserting that Plaintiff had submitted the takedown notice as a result of a mistake or misidentification. *See id.* ¶¶ 42–44.

    On January 16, 2020, Plaintiff filed suit in this Court. *See* Dkt. # 1. On April 16, 2020, the Court granted Defendants' motion to dismiss Plaintiff's complaint, with leave to amend, because Plaintiff inadequately identified how Defendants' compositions were substantially similar to his. *See Order Granting First Motion to Dismiss*, Dkt. # 32 ("*First Order*") at 5–6.

    Plaintiff filed his First Amended Complaint ("FAC") on May 18, 2020, asserting four claims. *See generally FAC*.

> First Cause of Action: Copyright infringement against Defendants Mann and Rings of Saturn for the unauthorized use of portions of If I Could Walk Through Walls, I Would and WATE Idea in The Husk. *Id.* ¶¶ 46–51.
>
> Second Cause of Action: Copyright infringement against Defendants Nuclear Blast, Mann, and Rings of Saturn for distributing Divine Authority, which also allegedly infringed on Plaintiff's works. *Id.* ¶¶ 54–59.
>
> Third Cause of Action: Vicarious Copyright infringement against Defendant Rings of Saturn for failing to prevent Defendant Mann's infringement. *Id.* ¶¶ 61–63.
>
> Fourth Cause of Action: violation of the DMCA, 17 U.S.C. § 512(f), by Defendant Nuclear Blast when it submitted a DMCA counter-notice to YouTube that characterized Plaintiff's takedown notice for The Husk as a mistake or misidentification even though Nuclear Blast "had no idea" whether it infringed Plaintiff's works. *Id.* ¶¶ 67–71.

    Defendants now move to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    Discussion

    A.    First and Second Causes of Action: Copyright Infringement

In order to state a claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) actionable copying by the defendant of constituent elements of the work that are original. *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Absent direct evidence of copying, the second element of the claim requires a fact-based showing that defendant had "access" to a plaintiff's work and that the two works are "substantially similar." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc).

Defendants argue that Plaintiff has failed to plead both access and substantial similarity. *Mot.* 13:18. The Court addresses each argument in turn.

        *i.*    Access

Defendants assert that Mann could not have had access to Plaintiff's copyrighted songs because both of Plaintiff's songs' registration certificates list their "Year of Completion" as 2014, and Plaintiff's FAC states that he had no contact with Mann between 2013 and 2019. *Mot.* 13:27–14:7, 15:1–15:25. Considering this argument would require the Court to take judicial notice of the registration certificates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Here, Plaintiff does not oppose Defendants' request for judicial notice. *See Opp.* 10:1 n.1. The Court is satisfied that, under the incorporation by reference doctrine, the registration certificates are documents that are alleged in the FAC, whose authenticity no party questions, but that are not physically attached to the FAC. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Accordingly, the Court takes judicial notice of the registration certificates for the purpose of deciding this motion.

Plaintiff argues that Defendants' access challenge is procedurally improper because they failed to raise the issue in their first Rule 12(b)(6) motion. *See In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 317–318 (explaining that a defendant cannot assert a pre-answer Rule 12(b)(6) motion on grounds that it could have asserted in its first Rule 12(b)(6) motion). And, even if it were procedurally proper, Plaintiff argues that Defendants' argument would fail. *Opp.* 11:6–17. The Court agrees with Plaintiff that, even assuming the argument is procedurally proper, Defendants' argument misses the mark.

In the FAC, Plaintiff alleges that, in 2013, he gave Mann demo recordings of If I Could Walk Through Walls, I Would and WATE Idea. *FAC* ¶¶ 19–20. Plaintiff also asserts that these demo recordings, which Plaintiff uploaded to YouTube for the purposes of this case, *see id.* ¶ 25, are the same as the works that he designated as the deposit copies in his copyright registration applications. *Id.* ¶ 38. Therefore, while Defendants claim that the 2014 completion date in Plaintiff's registration certificates *establish* that Plaintiff registered versions of his songs that are different than those in the demo he gave Mann, Defendants are really requesting the Court to *infer* that the versions are different because the express factual allegations in the FAC are unambiguous: the demo versions are the same as the registered versions. The Court will not disregard Plaintiff's FAC and, based on the registration certificates, draw the inference most favorable to *Defendants*—such inferences must be drawn in *Plaintiff's* favor. *See Turner*, 788 F.3d at 1210. And the inference most favorable to Plaintiff is that he registered the exact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

versions of the songs he gave Mann, and that the 2014 completion dates do not accurately reflect the timeline of their creation, whether because of "an honest oversight during the application process," *see Opp.* 12:14–17, or otherwise. And, as Plaintiff notes, an honest oversight in the application process does not render his registration certificates invalid. *See* 17 U.S.C. § 411(b)(1)(A). Accordingly, the Court finds that Plaintiff has adequately pled access.

   ii.  *Similarity*

Defendants next argue that Plaintiff has failed to show substantial similarity between Plaintiff's songs and Mann's. *Mot.* 17:7–9.

In the Ninth Circuit, the substantial similarity test has both an "extrinsic" and an "intrinsic" component. The extrinsic component compares "specific criteria which can be listed and analyzed" to determine whether the works are substantially similar. *Zeppelin*, 952 F.3d at 1064. The intrinsic component examines an ordinary person's subjective impressions of the similarities between the two works. *Id.* The Court may apply the extrinsic test, while the subjective intrinsic test is exclusively left to the jury. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

Defendants argue that "[n]owhere in the FAC does Plaintiff identify a single objective musicological element such as musical notes, chords, rhythms, keys, and other musical features that can be listed and described in . . . [an] objective form of musical notation." *Mot.* 17:23–26. The Court disagrees.

Plaintiff provided specific timestamps in his copyrighted songs that he claims were copied exactly during specific timestamps of Mann's songs. *See FAC* ¶¶ 25–26, 35. Plaintiff alleges that, within those timestamps, Mann's songs contain sequences of twenty-five to thirty consecutive notes, each repeated twice, that are identical to Plaintiff's songs. *See id.* It is sufficient at this early stage of the proceedings that Plaintiff alleges that exact segments of Mann's songs—down to the second—contain repetitions of sequences of consecutive notes that are identical to unique segments of Plaintiff's songs. Accordingly, the Court finds that Plaintiff has adequately pled substantial similarity, and it **DENIES** Defendants' motion to dismiss Plaintiff's first and second causes of action.

   B.  <u>Third Cause of Action: Vicarious Copyright Infringement</u>

Defendants move to dismiss Plaintiff's claim for vicarious copyright infringement on the sole ground that Plaintiff has failed to state a claim for direct copyright infringement. *Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

22:3–8. However, because the Court found that Plaintiff stated a claim for direct copyright infringement in the previous subsection of this Order, Defendants' argument regarding vicarious copyright infringement necessarily fails.

       C.      Fourth Cause of Action: Digital Millenium Copyright Act

Under § 512(f) of the DMCA, an alleged infringer is liable in damages when it responds to a takedown notice with a counter-notice that knowingly misrepresents that content was removed or disabled by mistake.

Plaintiff alleges that Defendant Nuclear Blast violated § 512(f) of the DMCA by submitting a DMCA counter-notice to YouTube that characterized Plaintiff's takedown notice for The Husk as a mistake or misidentification even though Nuclear Blast "had no idea" whether the song infringed Plaintiff's works. *FAC* ¶¶ 67–71.

Defendants move to dismiss Plaintiff's DMCA claim on three grounds: (1) Plaintiff has failed to state a claim for copyright infringement, (2) Nuclear Blast did not know of the allegations of how Mann's compositions were substantially similar to Plaintiff's at the time it issued the counter-notice, and (3) Plaintiff has failed to allege Nuclear Blast's subjective knowledge at the time it issued the counter-notice. *Mot.* 22:11–18.

Defendants' first argument fails because, above, the Court found that Plaintiff has stated a claim for copyright infringement.

Defendants' second argument mischaracterizes the facts. In the FAC, Plaintiff alleges that Nuclear Blast had no idea whether Plaintiff's DMCA takedown notice was valid when Nuclear Blast submitted its counter-notice to YouTube. *FAC* ¶¶ 42, 69. Therefore, Plaintiff argues, Nuclear Blast knowingly misrepresented to YouTube that it had a good faith belief that its video was labelled as infringing due to a mistake or misidentification. *Id.* ¶ 43. In other words, Plaintiff contends that Nuclear Blast knowingly misrepresented to YouTube that his notice was a mistake or misidentification because (1) Nuclear Blast knew there was a dispute about the video, (2) it had no idea whether Plaintiff's notice was a mistake or a misidentification, but (3) it issued the counter-notice anyway. *Id.* ¶¶ 42–43, 69.

Nonetheless, Defendant claims that Plaintiff "continues to rely on the same bald conclusory allegations . . . contained in the initial Complaint that [the] Court already held to be insufficient." *Mot.* 23:12–16. Clearly, the additional fact that Nuclear Blast had "no idea" whether its video was infringing, which was stated in an email by the label manager for Nuclear

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-124 PSG (KKx) | Date | August 19, 2020 |
|---|---|---|---|
| Title | Brandyn Love v. Nuclear Blast America, Inc., et al. | | |

Blast, *see FAC* ¶ 42, is not a bald conclusory allegation, and it was not alleged in the original complaint. Accordingly, the Court rejects Defendants' second argument.

Finally, Defendants' third argument is that Plaintiff's claim fails because he did not allege that Nuclear Blast's label manager *still* had no idea whether the video was infringing when he instructed a representative to issue the DMCA counter-notice to YouTube. *Mot.* 23:18–24:4. Essentially, according to Defendants, the Court should dismiss Plaintiff's claim because it is *possible* that, after Nuclear Blast acknowledged that it had no idea whether the video was infringing, but before it issued the counter-notice, it found out more information that gave it a good faith belief that the video was not infringing on Plaintiff's works. *Id.* 23:25–24:4. The Court disagrees.

In the FAC, Plaintiff claims that, soon after the label manager sent the email, Nuclear Blast submitted the counter-notice. *FAC* ¶ 43. Therefore, while Defendants are correct that it is *possible* that Nuclear Blast gained additional information before issuing the counter-notice, it is just as possible, if not appreciably more so, that Nuclear Blast issued the counter-notice soon after claiming to have no idea about the merits of Plaintiff's notice *without resolving the issue*. Again, Plaintiff is entitled to the benefit of this inference—not Defendants. *See Turner*, 788 F.3d at 1210. Accordingly, Plaintiff has plausibly alleged that Nuclear Blast submitted the counter-notice knowing that it was misrepresenting that it had a good faith belief that its video was misidentified or mistakenly flagged. As such, the Court finds that Plaintiff has stated a claim for relief under the DMCA.

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**